**In re S.A. HOLDING CO., L.L.C.; Delilah's Den of S.A., Inc.; 86 Broad St. Corp., Debtors**

**S.A. Holding Co., L.L.C.; Delilah's Den of S.A., Inc.; 86 Broad St. Corp., Appellants at 07–3280 & 07–3281**

**City of South Amboy, Appellant at 07–3479 & 07–3480.**

Nos. 07–3280, 07–3281, 07–3479, 07–3480.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 20, 2009.

Filed: Sept. 2, 2009.

Stuart Gold, Esq., Mandelbaum Salsburg, West Orange, NJ, for Debtors–Appellant.

Gary N. Marks, Esq., Norris, McLaughlin & Marcus, Somerville, NJ, for Appellant.

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

S.A. Holding Co., L.L.C., Delilah's Den of S.A., Inc., and 86 Broad St. Corp. (collectively here, "debtors"), and the City of South Amboy, New Jersey ("the City") have been engaged in litigation for over a decade in both state and federal court regarding debtors' operation of a sexually oriented business on their property in South Amboy. Before us is one installment of this litigation. As we write primarily for the parties, we need not recount in full the factual and procedural history of this case. In 1998, debtors and the City entered into a Settlement Agreement to resolve the suits on this matter then pending between them; in 2001 the parties amended this agreement. The dispute before us centers around the terms of this Amended Settlement Agreement ("the Agreement") and the parties' performance of their respective obligations thereunder. The Agreement provides, in relevant part:

1. [Debtors] abandon the otherwise permitted "go-go" bar use, the nightclub use, all sexually oriented business uses, ... and all other related uses at the Premises in exchange for a 24 month extension of the current sexually oriented business use at the Premises. The aforesaid uses at the Premises shall forever cease, are deemed abandoned and are unlawful uses at the premises, except for the current extended use, which, at the conclusion of the 24 month extension shall likewise cease, be deemed abandoned and an unlawful use at the Premises....

. . . .

3. The subject property will be designated as a redevelopment area and subject to a redevelopment plan.

In 2003, the City filed suit against debtors in the Superior Court of New Jersey seeking to compel closure of debtors' business, which had continued to operate beyond the 24–month window provided in the Agreement. Debtors contended they were not required to close because the City had failed to perform its obligations under the Agreement. While this litigation was proceeding in the state-court system, debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey. With the consent of debtors and the City, the Bankruptcy Court issued an order ("the Abstention Order") stating, inter alia, that it would "abstain from hearing . . . those issues that were before the State Court . . . prior to the Petition Date," and preliminarily enjoining the City "from shutting down the Debtors' business pending entry of a final non-appealable order from the trial or appellate court(s) of competent jurisdiction resolving all issues between the parties in the Litigation." The Abstention Order also provided that, "[n]otwithstanding the foregoing, nothing herein shall be deemed to prohibit [the City] from moving before the Bankruptcy Court at any time, after notice and a hearing to the Debtors and all parties in interest, and for good cause shown, to modify, vacate or dissolve the injunction issued pursuant to this Order."

Two months after entry of the Abstention Order, debtors filed a motion with the Bankruptcy Court to reject the Agreement under 11 U.S.C. § 365(a), which provides "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." According to debtors, the Agreement remained executory at the time of their bankruptcy filing because the City had failed to implement a redevelopment plan that placed their property in a high-density residential zone, which debtors claim the parties contemplated as part of the "redevelopment plan" promised in the Agreement. The Bankruptcy Court denied debtors' motion, finding that "the City did not have any substantially unperformed obligations under the Agreement at the time of the bankruptcy filing; consequently, the Agreement is not executory and subject to rejection." Namely, the court found "[t]he Agreement between the Debtors and the City is simple, straightforward and unambiguous on its face. Nothing contained therein lends support to the Debtors' contention that the Agreement remained an executory contract at the time the petition was filed because the City failed to perform by granting the Debtors 'enhanced development rights' when it established and placed the Debtors' real property in a redevelopment zone."

The City then moved to compel debtors to close their business in accordance with the terms of the Agreement. The Bankruptcy Court construed this as a motion to modify the Abstention Order, as that order permits. The court granted the motion, noting that it "regard[ed] the contract as not being executory, having been fully performed by the City, and, therefore, the debtor having substantial number of years long past its obligation to cease certain types of operations[,] . . . it's time" to close debtors' business.

Debtors appealed both the Bankruptcy Court's denial of their motion to reject the Agreement under 11 U.S.C. § 365(a) and its order compelling closure of debtors' business. The District Court denied both of these appeals. The court found that, to the extent the City might have been obligated under the Agreement to place debt-

ors' property in a high-density residential zone, its failure to do so would not "constitute[ ] a material breach of the Amended Settlement Agreement" such that the Agreement could be deemed executory as a result of it. The court noted that, "for purposes of [its] analysis as to whether the Amended Settlement Agreement is an executory contract, ... there was not a 'reasonable expectation' of [placement in a high-density residential zone]," and that "[a] simple real estate assessment could determine the difference, if any, in monetary value between the Property as currently zoned, and the value of the Property had the City placed it in a high density redevelopment zone, if the fact-finder later decides that the parol evidence [proffered by the parties] so alters the express contractual language of the Amended Settlement Agreement." The court also found that the Bankruptcy Court did not abuse its discretion in modifying the Abstention Order and granting the City's motion to compel closure of debtors' business, as it did so "in accordance with the procedures set forth in the Abstention Order." Accordingly, the District Court ordered debtors' business to be closed, and remanded to the Bankruptcy Court the following issues: "(1) whether it or the state court shall decide on the merits the actual terms of the Amended Settlement Agreement, and the related question of what weight, if any, to give to the proffered parol evidence; (2) whether the City has failed to fully perform its obligations pursuant to the Amended Settlement Agreement; (3) what, if any, relief shall be awarded to Debtors; and (4) whether there should be any offsets to any damages award as a result of the continued operation of Delilah's Den for nearly 4 years beyond the Consent Closure Date."

Debtors appeal both the District Court's determination that the Agreement is nonexecutory and its approval of the Bankruptcy Court's order compelling closure of debtors' business. The City cross-appeals the District Court's remand, contending the court should have found that the City has fully performed under the Agreement and that consideration of parol evidence would be unnecessary and improper in making this determination.[1] Substantially for the reasons set forth by the District Court, we will affirm the denial of debtors' motion to reject the Agreement and the grant of the City's motion to compel closure of debtors' business. With respect to the parties' potential entitlement to monetary relief under the Agreement, we will remand to the Bankruptcy Court for further proceedings consistent with the opinion of the District Court.

---

1. We have jurisdiction under 28 U.S.C. § 158(d)(1); we believe, and the parties do not dispute, that the District Court's remand of certain issues to the Bankruptcy Court does not undermine our jurisdiction in this case. *See Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 249–50 (3d Cir.2000).